IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| LESLIE J. DAVIS, JR. | § | |
| VS. | § | CIVIL ACTION NO. 9:16cv76 |
| | § | |
| BRAD LIVINGSTON | | |

ORDER OVERRULING OBJECTIONS AND ADOPTING IN PART
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Leslie J. Davis, Jr., proceeding *pro se*, filed the above-styled lawsuit. The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to 28 U.S.C. § 636 and applicable orders of this court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending this lawsuit be dismissed without prejudice.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Plaintiff filed objections. The court must therefore conduct a *de novo* review of the objections.

Plaintiff asserts that a prison policy which prevents him from growing a religious beard prevents him from practicing his religion. He contends the policy violates both the First Amendment to the Constitution and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

Plaintiff was released from prison after he filed his lawsuit. As plaintiff sought only injunctive and declaratory relief, the Magistrate Judge concluded his lawsuit was moot.

Plaintiff states his lawsuit is not moot because he seeks money damages as well as declaratory and injunctive relief. A request for money damages does not save this lawsuit from dismissal. Money damages may not be awarded for a claim based on RLUIPA. *Coleman v. Lincoln Parish Detention Center*, 858 F.3d 307 (5th Cir. 2017); *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 329-21 (5th Cir. 2009).

Plaintiff also states his lawsuit is not moot because of the "capable of repetition, yet evading review" exception to the mootness doctrine. He states he will remain on parole until 2043. He could therefore be reincarcerated and again be subject to the conditions complained of in his lawsuit.

For the "capable of repetition, yet evading review" exception to apply, a litigant must show that: (1) the challenged action is too short in duration to be fully litigated and (2) there is a reasonable expectation that the aggrieved party will again be subject to the challenged action. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). A mere physical or theoretical possibility that an alleged action will recur is not enough to meet the second prong of the exception. *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). Instead, the litigant must show a reasonable expectation or demonstrated probability that the same controversy will recur. *Id*.

Plaintiff has not satisfied the second prong of the exception. There is no concrete indication his parole will be revoked in the future. The mere theoretical possibility that at some future time plaintiff's parole may be revoked as result of his own actions does not rise to a reasonable expectation that he will again be subject to the conditions complained of in his lawsuit. *Hunter v. Owens*, 460 F. App'x 421, 424 (5th Cir. 2012). As a result, the "capable of repetition, yet evading review" exception does not apply here.

The court need not consider the discussion in the Report and Recommendation concerning Plaintiff's claim under the First Amendment As the lawsuit is moot, this court will not issue an advisory opinion on the merits of Plaintiff's First Amendment claim.

While the Magistrate Judge recommends this lawsuit by dismissed without prejudice, this case shall be dismissed with prejudice. Defendant is entitled to dismissal as a matter of right when a lawsuit is moot. *U.S. v. W.T. Grant Co.*, 345 U.S. 629, 899 (1953); *Preiser v. Newkirk* 422 U.S. 395 (1975); *See also, Dilley v. Gunn* 64 F.3d 1365, 1368 (9th Cir. 1995) ("An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison policies.") As Plaintiff's claim is moot, a final judgment will be entered on the merits of his claim.

## ORDER

Accordingly, the objections filed by Plaintiff to the Report and Recommendation are **OVERRULED**. For the reasons the Magistrate Judge set out in the portion of the Report and Recommendation that discussed the issue of mootness, and for the reasons set out above in this order, a final judgment will be entered dismissing this lawsuit with prejudice.

So **ORDERED** and **SIGNED** **September 30, 2019.**

_____
Ron Clark, Senior District Judge